THOMAS S. REDD v. P. H. THOMPSON ET AL.

SUPREME COURT. *Affirmance of decree. Damages against appellant.*

It is only by virtue of statutory provisions that the Supreme Court can render a decree for damages against an appellant in any case. And there is no statute authorizing this court to adjudge damages against an appellant on the affirmance of a decree for the sale of land, or other property, and the application of the proceeds thereof to the payment of a demand established against it, there being no decree *in personam* for the debt. To allow damages, in such a case, on the amount of the demand, would be unjust, as well as illegal.

MOTION to correct the decree of this court, on an appeal from the Chancery Court of Washington County. The

decree of the court below recognized the claims of P. H. Thompson and others against certain lands, and directed that the same be sold, and the proceeds thereof applied to the payment of such claims. Thomas S. Redd, who was in possession of the property, and claiming an interest therein, took an appeal from the decree of sale, and gave a *supersedeas* bond. This court affirmed the decree of the Chancery Court, and a decree of affirmance, without damages, was entered. Then P. H. Thompson, one of the appellees, by his solicitor, made a motion to correct the decree of affirmance, so that it should require the obligors in the *supersedeas* bond to pay to the appellees five *per centum* damages on the amount of the indebtedness established.

*M. Green*, for the motion, made an oral argument.

No counsel *contra*.

CAMPBELL, J., delivered the opinion of the court.

It is only by virtue of statutory provisions that this court can render judgment for damages against an appellant. Sect. 414 of the Code authorizes judgment against the appellant *for the debt*, with five per cent damages thereon, and costs, etc. Under this, in case of the affirmance of the judgment or decree, if this court enters up judgment against the appellant for the debt, it should add five per cent damages thereon; but if judgment is not entered up against the appellant for the debt, but only for the sale of land or other property, damages cannot be added. Sect. 415 of the Code provides for damages "in case the judgment be for specific personal property," and "on a judgment for mesne profits of real estate," and sect. 1259 of the Code gives damages on the affirmance of a decree "for a money demand, or for the dissolution of an injunction, or other restraining process," "at the rate of five *per centum* on the amount due the appellee," etc. These are all the statutes on this subject, and it is manifest that they do not embrace the case of a decree for the sale of property to satisfy a sum of money adjudged to be paid out of the proceeds of its

sale.  Where the decree is not *in personam* for the debt, but subjects property to the demand of complainant, and orders its sale, no damages accrue upon an affirmance of the decree, because no statute gives any.   No statute provides for assessing damages on the value of property, except where the judgment is for specific personal property ; and it would be unjust to assess damages on a large debt, for which property of comparatively small value was decreed to be sold, and where the holder of property was not liable for the debt, but became an appellant from a decree subjecting his property to the debt of another, as a charge upon it.   It would be monstrous to render judgment against him for five per cent damages on the amount of the debt, which might greatly exceed the value of his property involved in the suit.   The statute contemplates no such result, and it is avoided only by the construction of the statutes herein announced.

Motion denied.